FILED
CHARLOTTE, NC
MAR 1 6 2021
US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

---------------------------------X
DULCY RICCIANI and
ROBERT RICCIANI,
her husband,

        Civil Action No. 3:21cv106

   Plaintiffs,

v.

        **COMPLAINT AND JURY DEMAND**

MARRIOT INTERNATIONAL, INC.,
FAIRFIELD INN BY MARRIOT
LIMITED PARTNERSHIP, NCSC
CHARLOTTE OWNER LLC, JOHN
DOES 1-40 (fictitious names,
real names unknown), ABC
CORP. 1-30 ( fictitious
entities, real names
unknown) and XYZ INC. 1-20
(fictitious entities, real
names unknown),

   Defendants.
---------------------------------X

Plaintiffs, Dulcy Ricciani and Robert Ricciani, residing at 5 Newtown Court, in the Township of Columbus, in the state of New Jersey, complaining of the defendants, Marriot International, Inc., Fairfield Inn by Marriot Limited Partnership, NCSC Charlotte Owner LLC, John Does 1-20 and ABC Corp. 1-20, respectfully allege, upon information and belief, as follows:

## SUBJECT MATTER (DIVERSITY) JURISDICTION

1. At all times relevant herein, Dulcy Ricciani and Robert Ricciani, her husband (hereinafter "Plaintiffs"), have resided in Columbus, Burlington County, and have been citizens of the State of New Jersey.

2. At all times relevant herein, Defendant, Marriot International, Inc. is a corporation or other business entity organized under the laws of the State of Maryland and/or transacted business in the State of New Jersey; its principal business address is 10400 Fernwood Road in Bethesda Maryland. As such, this defendant is a citizen of the State of Maryland.

3. Defendant, Fairfield Inn by Marriot Limited Partnership is a corporation or other business entity organized under the laws of the State of Delaware and/or transacted business in the state of North Carolina; its principle business address is 327 Hillsborough Street in Raleigh, North Carolina. As such, this defendant is a citizen of the State of North Carolina.

4. Defendant, NCSC Charlotte Owner LLC is a corporation or other business entity organized under the laws of the State of Delaware and/or transacted business in the State of North Carolina and the State of New York; its principle business

office is 200 West 41st Street, New York, New York.  As such, this defendant is a citizen of the state of New York and/or the state of North Carolina.

5. The amount in controversy exceeds $75,000.00, exclusively of interest and costs.

6. This Court, therefore, has subject matter (diversity) jurisdiction in this action pursuant to 28 U.S.C. §1332.

**PERSONAL JURISDICTION**

7. At all times relevant herein, the tortious conduct of the named defendants and/or the accident or occurrence, which is the subject of this action, occurred in the state of North Carolina; specifically, the subject premises fall-down incident occurred on March 21, 2018 at the Marriott Fairfield Inn and Suites located at 9230 Harris Corners Parkway in Charlotte, North Carolina.

8. The Court has personal jurisdiction over each of the aforementioned defendants.

#12119956.1

## VENUE

9. Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. §1391(b) in that it is the judicial district in which a substantial part of the events giving rise to the claims occurred.

## FIRST COUNT

10. At all times relevant herein, the defendants, Marriot International, Inc. and/or John Does 1-4 and/or ABC Corp. 1-5, owned, leased, franchised, operated, supervised, inspected, managed, maintained, was the franchisee and/or otherwise controlled the property, buildings, structures, common areas, exterior area, walkways, sidewalks and premises of the commercial property known as Marriot Fairfield Inn and Suites with a mailing address of 9230 Harris Corners Parkway, Charlotte, North Carolina.

11. At all times relevant herein, the defendant, Fairfield Inn By Marriot Limited Partnership and/or ABC Corp 6-10 was a corporation or other business entity, organized under the laws of the State of Delaware and/or transacted business in the state of North Carolina or a different state, and/or transacted business in the State of New Jersey and that owned,

leased, franchised, operated, supervised, inspected, managed, maintained, was the franchisee and/or otherwise controlled the commercial property, including, but not limited to, buildings, structures, common areas, exterior area, walkways, and sidewalks of the commercial premises known as Marriot Fairfield Inn and Suites with a mailing address of 9230 Harris Corners Parkway, Charlotte, North Carolina.

12. At all times relevant herein, the defendant, NCSC Charlotte Owner LLC and/or ABC Corp 11-15 was a corporation or other business entity, organized under the laws of the State of Delaware and/or transacted business in the State of North Carolina and/or the State of New York and that owned, leased, franchised, operated, supervised, inspected, managed, maintained, was the franchisee and/or otherwise controlled the commercial property, including, but not limited to, buildings, structures, common areas, exterior area, walkways, and sidewalks of the commercial premises known as Marriot Fairfield Inn and Suites with a mailing address of 9230 Harris Corners Parkway, Charlotte, North Carolina.

13. At all times relevant herein, the defendant, ABC Corp 16-20 was a corporation or other business entity, organized under the laws of the State of New Jersey or a different state, and/or transacted business in the State of New Jersey and that

owned, leased, franchised, operated, supervised, inspected, managed, maintained, was the franchisee and/or otherwise controlled the commercial property, including, but not limited to, buildings, structures, common areas, exterior area, walkways, and sidewalks of the commercial premises known as Marriot Fairfield Inn and Suites with a mailing address of 9230 Harris Corners Parkway, Charlotte, North Carolina.

14. At all times relevant herein, XYZ, Inc. 1-5, a fictitious defendant, was a corporation or other business entity, organized under the laws of the State of New Jersey and/or a different state and transacted business in the State of New Jersey and/or a different state. The defendant XYZ, Inc. 1-5, and/or defendant, Marriot International, Inc. and/or Fairfield Inn by Marriot Limited Partnership and/or NCSC Charlotte Owner LLC and/or defendant ABC Corp. 1-25 and/or John Does 1-20, was responsible for the construction, inspection, improvements, renovation, repairs, management, maintenance and/or performed work to, the common areas, sidewalk(s), walkway and structures at the commercial property known as Marriot Fairfield Inn and Suites with a mailing address of 9230 Harris Corners Parkway, Charlotte, North Carolina.

15. At all times relevant herein, John Does 21-25, fictitious defendants, were individuals that were responsible

for the maintenance, inspection and care of the commercial premises known as Marriot Fairfield Inn and Suites with a mailing address of 9230 Harris Corners Parkway, Charlotte, North Carolina.

16. On or about March 21, 2018, the plaintiff, Dulcy Ricciani, while lawfully on the aforesaid premises as a business invitee, was caused to trip and fall on an iron object protruding from the mulch, landscaped common area onto the sidewalk area located at the front entrance area of the subject property that was not properly identified, improper in design, otherwise not in compliance with applicable safety standards and/or building code(s), and/or due to otherwise negligently and carelessly maintained premises, thereby sustaining sundry and multiple severe and permanent injuries.

17. At the aforesaid time and place, the defendants had negligently and carelessly permitted this dangerous, hazardous and unsafe condition to exist despite notice of same and had a duty to inspect and maintain said property and breached same to the detriment of the plaintiff.

18. Moreover, defendants, and each of them, were negligent, in that the defendants:

(a)  Knew or should have known that a dangerous and hazardous condition existed on the premises and allowed same to so exist;

#12119956.1

(b)     allowed a dangerous and hazardous condition to exist on said premises;

(c)     did not exercise reasonable, due and proper care;

(d)     did not keep the premises in a safe condition;

(e)     failed to provide proper safeguards and/or warnings on said property and structures thereto under the circumstances then and there existing;

(f)     failed to comply with applicable safety standards;

(g)     failed to maintain and routinely inspect;

(h)     failed to exercise reasonable care and take such precautions as were necessary;

(i)     were otherwise negligent and/or palpably unreasonable in ownership, letting, operation, maintenance, management, supervision and/or inspection of said premises.

19. As a direct and proximate cause of the negligence of the defendants, as aforesaid, the plaintiff was caused to fall with such force and in such a manner that she sustained serious and permanent injuries requiring surgical procedures, suffered great pain which will continue for the remainder of her life, has and will continue to incur various medical expenses for care, and was and in the future will be prevented from attending to her normal business.

WHEREFORE, plaintiff, Dulcy Ricciani, demands judgment against the defendants for damages, interest plus costs of suit

and such other and further relief as the Court may deem necessary and just.

## SECOND COUNT

20. Plaintiff hereby repeats and realleges the allegations contained in the First Count of the Complaint as though the same were fully set forth herein at length.

21. At all times relevant herein, the fictitious defendant(s) John Does 26-35 and/or XYZ Inc. 5-10, was an agent, representative and/or employee of the defendant XYZ, Inc. 1-5, and/or defendant, Marriot International, Inc. and/or Fairfield Inn by Marriot Limited Partnership and/or NCSC Charlotte Owner LLC and/or defendant ABC Corp. 1-25 and/or John Does 1-25 and as such was responsible for the construction, inspection, installation, improvement(s), renovation, repair, and/or maintenance of the structures, common areas, and sidewalk involved in plaintiff's fall located at the Marriot Fairfield Inn and Suites with a mailing address of 9230 Harris Corners Parkway, Charlotte, North Carolina. Said defendant(s) was acting within the scope of his or its employ, representation or agency of said defendants and/or fictitious defendants.

22. At all times relevant herein, the fictitious defendants John Does 26-40 and/or XYZ Inc. 1-10 was

contractually charged with the construction, inspection, installation, renovation, repair, improvement, maintenance and/or work performed at the aforesaid commercial premises including the subject sidewalk area and common area involved in plaintiff's fall.

23. On or about March 21, 2018, the plaintiff, Dulcy Ricciani, while lawfully on the aforesaid premises as a business invitee, was caused to trip and fall on an iron object protruding from the mulch, landscaped common area onto the sidewalk area located at the front entrance area of the subject property, that was not properly identified, improper in design, otherwise not in compliance with applicable safety standards and/or building code(s), and/or due to otherwise negligently and carelessly maintained premises, thereby sustaining sundry and multiple severe and permanent injuries.

24. At the aforesaid time and place, the defendants had negligently and carelessly permitted this dangerous, hazardous and unsafe condition to exist despite notice of same and had a duty to inspect and maintain said property and breached same to the detriment of the plaintiff.

25. Moreover, defendants, and each of them, were negligent, in that the defendants:

(a)   Knew or should have known that a dangerous and

    Hazardous condition existed on the premises and allowed same to so exist;

(b) allowed a dangerous and hazardous condition to exist on said premises;

(c) did not exercise reasonable, due and proper care;

(d) did not keep the premises in a safe condition;

(e) failed to provide proper safeguards and/or warnings on said property and structures thereto under the circumstances then and there existing;

(f) failed to comply with applicable safety standards;

(g) failed to maintain and routinely inspect;

(h) failed to exercise reasonable care and take such precautions as were necessary;

(i) were otherwise negligent in ownership, letting, operation, maintenance, management, supervision and/or inspection of said premises.

  26. As a direct and proximate cause of the negligence of the defendants, as aforesaid, the plaintiff was caused to fall with such force and in such a manner that she sustained serious and permanent injuries requiring surgical procedures, suffered great pain which will continue for the remainder of her life, has and will continue to incur various medical expenses for care, and was and in the future will be prevented from attending to her normal business.

  WHEREFORE, plaintiff demands judgment against the defendants for damages, interest plus costs of suit and such

#12119956.1

other and further relief as the Court may deem necessary and just.

### THIRD COUNT

27. The allegations contained in the previous Counts of this Complaint are repeated and realleged as if fully set forth herein.

28. The plaintiff, Robert Ricciani, is presently and was at all times relevant hereto the lawful spouse (husband) of the plaintiff, Dulcy Ricciani.

29. As a result of the negligence of the Defendants, Robert Ricciani, was and in the future will be required to expend diverse sums of money for his wife's treatment, and did and in the future will lose the services, society and consortium of his wife.

WHEREFORE, plaintiff, Robert Ricciani, demands judgment against the defendants awarding damages, interest, plus costs of suit on this Count.

By: *Dulcy Ricciani*
DULCY RICCIANI

*Robert Ricciani*
ROBERT RICCIANI

Dated: March 10, 2021

#12119956.1

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: March 10, 2021

By: *Dulcy Ricciani*
DULCY RICCIANI

*Robert Ricciani*
ROBERT RICCIANI