# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:21-CV-00106-GCM

**ROBERT RICCIANI,**
**DULCY RICCIANI,**

    **Plaintiffs,**

  v.

**MARRIOT INTERNATIONAL, INC.,**
**NCSC CHARLOTTE OWNER LLC,**

    **Defendants.**

**ORDER**

**THIS MATTER** comes before the Court on the Motions to Strike by Defendants Marriot International ("Marriot") and NCSC Charlotte Owner, LLC ("NCSC") [ECF No. 21, 23]. The Plaintiff filed a response (ECF No. 26), and Defendants did not file a reply. The matter is ripe for disposition. For reasons discussed in more detail, the Court will grant the motions to strike the Plaintiff's response to the motion to dismiss.

## I. BACKGROUND

This is a personal injury suit filed in diversity. Dulcy Ricciani, a citizen of New Jersey, allegedly tripped and fell on an object that was protruding from the ground at a Fairfield Inn & Suites in Charlotte, North Carolina. The incident occurred on March 21, 2018. Ricciani and her husband Robert[1] filed a pro se complaint in this Court on March 16, 2021, alleging negligence by the hotelier Defendants. The following day, the Riccianis also filed a near-identical lawsuit in the

---

[1] Robert Ricciani passed away approximately one month after the filing of the Complaint. *See* ECF No. 17-2 at 42. This Order continues to refer to "Plaintiffs," given the putative suit brought by Robert Ricciani's estate. The Court expresses no opinion on the propriety of Robert Ricciani's wife serving as his estate representative, and, as discussed below, does not reach that issue in the Defendants' motions to strike.

U.S. District Court for the District of New Jersey. *See Ricciani v. Marriot International*, 1:21-cv-5613 (D.N.J.). That lawsuit remains pending.

Between March 16 and August 9, 2021, no activity occurred in the case. The Court issued an order to show cause why the case should not be dismissed for failure to prosecute. ECF No. 3. A lawyer, John Anzalone,[2] responded to the order via letter. He wrote, "I write to the Court on behalf of the Pro Se Plaintiffs . . . ." Anzalone asked the Court not to dismiss the suit, urging that settlement negotiations with the insurance company were under way. ECF No. 5 at 1. The Court stayed its earlier order to show cause. ECF No. 4.

Defendants Marriot and NCSC appeared and filed separate Motions to Dismiss. *See* ECF No. 12, 13. Because the Plaintiffs represented themselves as pro se, the Court entered a *Roseboro* order, informing the plaintiffs that they had 14 days from the filing of the order to respond to the motions to dismiss. ECF No. 16. Once again, Mr. Anzalone responded on behalf of the Plaintiffs. *See* ECF No. 17. In the response to the motion to dismiss, Mr. Anzalone wrote "[Plaintiffs] are *pro se* in the matter before this Court. Plaintiffs have periodically requested that we assist them with filings involved in this matter." ECF No. 17 at 2. Mr. Anzalone added, "[R]ecently, Mrs. Ricciani has enlisted our assistance in her quest to retain local counsel in North Carolina." *Id*. Anzalone's assistance in the responsive pleading was also apparent on the face of the filing. For example, Plaintiffs' "pro se" response ably cited and discussed Fourth Circuit case law, indicating that the Plaintiffs had not simply resubmitted briefing from the New Jersey litigation.

On September 30, 2021, the Court entered a *sua sponte* order. ECF No. 18. Observing that Mr. Anzalone had twice written to the Court on the Plaintiffs' behalf, the Court warned that "[a]n attorney making a general appearance before the Court must comply with the rules and regulations

---

[2] Mr. Anzalone represents the Plaintiffs in the New Jersey suit.

of this Court—specifically, those provisions related to pro hac vice admission to this district's bar." *Id.* at 1. Mr. Anzalone was ordered to "take the appropriate measures if he intends to appear in this matter." *Id.*

On October 5, Defendants filed Motions to Strike. ECF No. 21 & 23. Both defendants argued that the Plaintiffs' response to their motions to dismiss should be struck for the failure to comply with Local Civil Rule 83.1. They also argued that the portions of the response related to Plaintiff Robert Ricciani should be struck because he was deceased, and Plaintiff Dulcy Ricciani, his next of kin, was not a proper estate representative under North Carolina law. Once again, the Court entered a *Roseboro* order, warning Plaintiffs that they had 14 days to respond. ECF No. 25. The Court sounded a dubious note about Plaintiffs' pro se status: "An attorney has repeatedly signed pleadings and communications to the Court on the Plaintiffs' behalf. The Court has directed the attorney to take appropriate measures if he intends to appear on the Plaintiffs' behalf. Because the Court's previous order was recently served by mail on the litigant, the Court will—for the time being—continue to treat Plaintiffs as proceeding without an attorney." *Id.* at 1 n.1.

In response to the Motions to Strike, Plaintiff Dulcy Ricciani submitted briefing that was nearly identical to the earlier response to the Motions to Dismiss. *Compare* ECF No. 17, *with* ECF No. 26. It did not respond substantively to the motion to strike. However, in a cover letter directed to chambers, Ms. Ricciani wrote: "I have received the Court's Roseboro Orders. I wish to advise the Court that I wish to proceed Pro Se in this matter until such time as I am able to find and retain local counsel." ECF No. 26-1. Once again, the letter and the briefing did not appear to be prepared by a pro se litigant. The cover letter bore what appeared to be a document number from iManage or similar legal document management software. *See* ECF No. 26-1 (#12671050.1). It also utilized formatting identical to Mr. Anzalone's previous letters, strongly suggesting that Mr. Anzalone or

3

someone at his firm had ghostwritten the purportedly "pro se" letter. *Compare* ECF No. 26-1, *with* ECF No. 5 at 1, *and* ECF No. 17-1 at 1.

## II.  DISCUSSION

Defendants urge the Court to strike (1) the entire response to their motions to dismiss, as a sanction for an attorney's failure to comply with the local rules on attorney admission; and (2) in the alternative, the portions of the response related to Robert Ricciani's claims based on the lack of a proper estate representative. Because the Court agrees with the first point, it will solely address that argument.

An attorney who is not admitted to practice before the United States District Court of the Western District of North Carolina must apply for admission, normally via a *pro hac vice* motion. *See* Local Civil Rule 83.3(b). The admission requirement "protects the citizens of this District from quality control problems enabled by the routine exercise of significant influence over local cases by persons over whom no local authority otherwise can assert credentialing, service of process, and discipline." *Sneed v. Astrue*, Civil No. 1:09cv203, 2010 WL 5395785, at *3 (W.D.N.C. Dec. 22, 2010) (cleaned up).

Mr. Anzalone has made no such appearance in this case. Nevertheless, it is readily apparent that he is representing Plaintiffs in this matter just as he is representing them in the New Jersey action. Mr. Anzalone has done legal research and writing for the Plaintiffs; he has filed their pleadings by mail; he has communicated with the Court on their behalf. The Court is troubled by this practice. It carries a whiff of gamesmanship. It deliberately flouts the local rules, frustrating the Court's ability to regulate attorney conduct and protect the public from "quality control

4

problems."³ *See id*. Moreover, it potentially secures unfair advantages for the purportedly "pro se" Plaintiffs. *See, e.g.*, *Alley v. Yadkin Cty. Sheriff Dep't*, 698 F. App'x 141, 142 (4th Cir. 2017) ("Pro se complaints and pleadings . . . must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers."); ECF No. 16 (granting more time to respond in a *Roseboro* order than required by the Federal Rules).

The Court notes that Mr. Anzalone's conduct might not violate state rules of professional conduct. *See* North Carolina State Bar, 2008 Formal Ethics Opinion 3 (Jan. 23, 2009) (citing North Carolina law and comparable New Jersey ethics rules). Even so, that does "not excuse an out of state, unadmitted attorney from practicing law without either a license or *pro hac vice* approval." *In re Dreamplay*, 534 B.R. 106, 120 (Bankr. Md. 2015).

Based on the foregoing, the Court concludes that the response to the Motions to Dismiss—filed by an attorney who is not admitted to appear before this Court, in contravention of an order to comply with the local rules of this District—must be stricken. The Court does not take this action likely, recognizing that striking a pleading is a drastic remedy. *See N.C. Shellfish Growers Ass'n v. Holly Ridge Assocs., LLC*, 200 F. Supp. 2d 551, 554 (E.D.N.C. 2001). However, lesser sanctions directed at the attorney may not be available, given Mr. Anzalone's refusal to appear before the Court. *See In re Hydroxycut Mktg. & Sales Practices Litig.*, Case No. 09md2087 BTM (KSC), 2014 U.S. Dist. LEXIS 27670, at *68 (S.D. Cal. Mar. 3, 2014) ("District courts have held

---

³ As another District Court has observed, "This practice (1) unfairly exploits the Fourth Circuit's mandate that the pleadings of *pro se* parties be held to a less stringent standard than pleadings drafted by lawyers; (2) effectively nullifies the certification requirement of Rule 11 of the Federal Rules of Civil Procedure; and (3) circumvents the withdrawal of appearance requirements of [the local rules]." *Laremont-Lopez v. Southeastern Tidewater Opp. Ctr.*, 968 F. Supp. 1075, 1077–78 (E.D. Va. 1997); *see also In re Mungo*, 305 B.R. 762, 768–70 (Bankr. S.C. 2003).

that they lack jurisdiction to sanction attorneys who have not appeared before them."). *But see In re Dreamplay*, 534 B.R. at 125 (holding an out-of-state attorney in contempt despite his nonappearance in the litigation). To prevent injustice, the Court will stay the order for 10 days. Should Mr. Anzalone come into compliance with the Court's local rules, or should another attorney enter an appearance on Plaintiffs' behalf,[4] the Court will vacate the order.

### III.   ORDER

**IT IS THEREFORE ORDERED** that the Motions to Strike (ECF No. 21 & 23) are **GRANTED**. Plaintiffs' Response to the Motions to Dismiss (ECF No. 17) shall be **STRICKEN** from the docket. This Order will be **STAYED FOR 10 DAYS**.

Signed: December 17, 2021

Graham C. Mullen
United States District Judge

---

[4] Alternatively, Plaintiffs may proceed *pro se* if they are, in truth, representing themselves. The current *status quo* will not be permitted.