IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00106-GCM

**ROBERT RICCIANI,**
**DULCY RICCIANI,**

    **Plaintiffs,**

v.                                                **ORDER**

**MARRIOT INTERNATIONAL, INC.**
**NCSC CHARLOTTE OWNER LLC,**

    **Defendants.**

**THIS MATTER** comes before the Court on the Motions to Dismiss by Defendant Marriot International, Inc. (ECF No. 12) and Defendant NCSC Charlotte Owner LLC (ECF No. 14). Plaintiffs filed a response (ECF No. 17), which was later stricken by the Court (ECF No. 27). Defendants filed replies (ECF No. 19 & 20). The matter is now ripe for disposition. For reasons that are discussed in more detail below, the Court will grant the motions to dismiss.

    **I.**    **BACKGROUND**

This is a personal injury suit filed in diversity. Dulcy Ricciani and her husband Robert are citizens of New Jersey. On March 28, 2018, the couple was staying at a Marriot Fairfield Inn and Suites in Charlotte, North Carolina. Dulcy Ricciani allegedly tripped and fell on an iron object protruding from mulch near the front entrance of the hotel. Nearly three years later, on March 16, 2021, the couple filed a purportedly pro se complaint in this Court. The following day, the Riccianis filed a nearly identical suit in the U.S. District Court for the District of New Jersey. They were represented by counsel in that action, which remains ongoing. *See Ricciani v. Marriot Int'l, Inc.*, 1:21-cv-05613-JHR-SAK (D.N.J.).

Defendants Marriot International and NCSC Charlotte Owner filed motions to dismiss. They alleged that they had not been timely served. Plaintiffs filed a "pro se" response. However, it soon became evident that the Riccianis' New Jersey counsel was also representing the couple in the present action. In September 2021, the Court warned counsel to comply with the local rules governing attorney admissions. Counsel failed to appear. As a result, on December 17, 2021, the Court granted Defendants' motions to strike the Plaintiffs' response to their motion to dismiss. ECF No. 27. The order was stayed for 10 days for Plaintiffs to comply with the local rules. The time for compliance has passed, and the Plaintiffs' response is stricken from the docket.

## II. DISCUSSION

The Court turns to the motions to dismiss. Because Plaintiffs' response to the motions was stricken, the Court will treat the motions as unopposed. This does not mean that the Court may summarily grant the motions. Rather, when a motion to dismiss is unopposed, the district court "has an obligation to review the motions to ensure that dismissal is proper." *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 416 n.3 (4th Cir. 2014).

### a. Standard of Review

A party may move to dismiss an action without prejudice "[i]f a defendant is not served within 90 days after the complaint is filed . . . ." Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 12(b)(5) (governing motions to dismiss). However, if a plaintiff shows "good cause" for the failure to timely serve a defendant, then the court must "extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

### b. Improper Service

Defendants correctly assert that service was untimely. The complaint was filed on March 16, 2021, but service was not effected until five months later, in August 2021. Dismissal on this

2

ground is accordingly appropriate unless the plaintiff can demonstrate good cause. Because the Plaintiffs' response was stricken, they have not carried their burden of demonstrating good cause. *See Harris v. South Charlotte Pre-Owned Auto Warehouse, LLC*, Docket No. 3:14-cv-00307-MOC-DCK, 2015 WL 1893839, at *1 (W.D.N.C. Apr. 27, 2015) (explaining that the plaintiff carries the burden for demonstrating good cause under Rule 4(m)). As a result, the Court will dismiss the actions without prejudice.[1]

### III. ORDER

**IT IS THEREFORE ORDERED** that:

1. Defendant Marriot International's Motion to Dismiss (ECF No. 12) is **GRANTED**.

2. Defendant NCSC Charlotte Owner LLC's Motion to Dismiss (ECF No. 14) is **GRANTED.**

3. This case is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

Signed: January 4, 2022

Graham C. Mullen
United States District Judge

---

[1] Although the Court may exercise discretion in extending the time for service, an extension is not warranted here under the facts of this case. *See* Fed. R. Civ. P. 4(m); *Robinson v. GDC, Inc.*, 193 F. Supp. 3d 577, 581–84 (E.D. Va. 2016) (explaining that Rule 4 permits an extension of time even in the absence of good cause).